IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-00243-F-1
No. 5:12-CV-00545-F

| | |
|---|---|
| BRADLEY ERIC PURDY, )<br>Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss[1] [DE-34] Bradley Eric Purdy's pending Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 [DE-26]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED.

**Factual and Procedural Background**

On September 20, 2006, Purdy was charged in a three-count indictment. *See* Indictment [DE-2]. In Count One, Purdy was charged with escape from the United States Bureau of Prisons, in violation of 18 U.S.C. § 751(a). Count Two charged Purdy with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. In Count Three, Purdy was charged with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

At his arraignment, pursuant to a written plea agreement [DE-20], Purdy pled guilty to Count One and Count Two. On April 10, 2007, Purdy was sentenced to 60 months' imprisonment on Count One and 107 months' imprisonment on Count Two. *See* Judgment [DE-

---

[1] Although the Government's filing is not designated as a motion to dismiss, the court construes it as such based upon the content.

23]. The sentences were ordered to run consecutively. Purdy did not appeal his conviction or sentence.

On August 20, 2012, Purdy filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [DE-26.] In his § 2255 motion, Purdy contends that he should be resentenced because the court improperly used predicate convictions for his criminal history calculation. [DE-26-1 at p.1.] In its motion to dismiss, the Government contends that dismissal is warranted for the following reasons: (1) Purdy's claim is barred by the waiver in his plea agreement; (2) Purdy has procedurally defaulted his claim; and (3) Purdy has failed to state a claim for relief under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).

## Discussion

### I. Purdy's Motion to Vacate is untimely.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The court finds that Purdy's motion was not filed within one year of any of the

2

circumstances set forth in § 2255(f), and as such, his motion is untimely. With respect to § 2255(f)(1), Purdy's § 2255 motion was filed well over a year after the judgment against him became final. Additionally, Purdy does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, Purdy's § 2255 motion is not timely under § 2255(f)(2). Purdy's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as Purdy's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012) (holding that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review). Finally, contrary to Purdy's contentions, his motion is not timely pursuant to 28 U.S.C. § 2255(f)(4). While it's true that under *Johnson v. United States*, 544 U.S. 295 (2005), "facts" may include court rulings and the legal consequences of known facts, the court ruling must have occurred in the petitioner's *own* case. *Messer v. United States*, Nos. 1:12-cv-00404-MR, 1:10-cr-00059-MR-DLH-1, 2014 WL 320135, at *4 (W.D.N.C. Jan. 29, 2014); *Jefferson v. United States*, Nos. 5:09-CR-251-FL-1, 5:11-CV-434-FL, 2014 WL 324625, at *8 (E.D.N.C. Jan. 28, 2014). The Fourth Circuit's ruling in *Simmons* does not constitute a new "fact" rendering Purdy's claim timely under § 2255(f)(4). In sum, Purdy's motion was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is not timely.

The court further finds that Purdy is not entitled to equitable tolling. In order to be entitled to equitable tolling, the movant must show: (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *See Holland v.*

*Florida,* 560 U.S. 631, 649 (2010).[2]

In this case, the court concludes that Purdy has failed to show the existence of an "extraordinary circumstance." In a similar case in this District, the Honorable Malcolm J. Howard, Senior United States District Judge held:

> The court finds there is nothing extraordinary or rare about the circumstances in which this defendant finds himself. There are many defendants in the same procedural dilemma as this defendant. Yet, the Fourth Circuit has spoken definitely in *Powell,* holding that *Carachuri-Rosendo* is not retroactively applicable on collateral review and foreclosing a remedy under section 2255 for many defendants within this circuit. Finding no actual innocence claim or other extraordinary circumstances in this case, and in light of the Fourth Circuit's decision in *Powell,* the court declines to equitably toll the statute of limitations in this matter. Therefore, petitioner's motion must be dismissed as untimely.

*Grimes v. United States,* No. 5:09-CR-103-1H, 2013 WL 140041, at *2 (E.D.N.C. Jan. 10, 2013).

**II. Purdy's claim is barred by the waiver in his plea agreement.**

Even if considered timely, Purdy's § 2255 motion is still be subject to dismissal because his claim is barred by the waiver in his plea agreement. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See* United *States v. Lemaster,* 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); *see also United States v. Copeland,* 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing defendant's appeal

---

[2]Although *Holland* concerned a state prisoner's federal habeas action, the Fourth Circuit has applied its rationale to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States,* No. DKC 03–0539, 2011 WL 3511078, at *15 n.17 (D.Md. Aug. 9, 2011) (citing *United States v. Terrell,* No. 10–6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi,* No. 08-8224, 394 Fed. Appx. 976, 977-78 (4th Cir. 2010)).

4

challenging sentencing enhancement in light of *Simmons* because defendant waived his right to appeal his sentence in his plea agreement). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Purdy's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-20]. The court finds that Purdy's waiver was both knowing and voluntary. Moreover, even if it were not, Purdy is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

The claim Purdy has raised in his § 2555 motion does not deal with ineffective assistance of counsel or prosecutorial misconduct. Accordingly, pursuant to the waiver in his plea agreement, Purdy has waived the right to pursue this claim.

5

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-34] is ALLOWED, and Purdy's § 2255 motion [DE-26] is DISMISSED. The court further concludes that Purdy has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 7th day of April, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge